UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOD HOUTHOOFD,

    Plaintiff,

v.

Case No. 2:19-cv-11305
Hon. Mark A. Goldsmith

JOHN AND JANE DOES,
ET AL,

    Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

This pro se civil action was filed by Tod Houthoofd, a Michigan prisoner currently confined at the Oaks Correctional Facility. Plaintiff is suing the Judges of the Saginaw Circuit Court and the Michigan Court of Appeals, and the Justices of the Michigan Supreme Court. He seeks injunctive relief preventing defendants from resentencing him on his state court convictions. For the reasons stated, the complaint will be summarily dismissed.

Plaintiff has paid the filing fee for this action and is therefore not proceeding in forma pauperis. Nevertheless, the Court is authorized to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

### I. Background

1

The facts surrounding Plaintiff's state court criminal case were summarized as follows:

> [Plaintiff] was convicted of obtaining property valued over $100 by false pretenses, Mich. Comp. Laws § 750.218, witness intimidation, Mich. Comp. Laws § 750.122, and solicitation to commit murder, Mich. Comp. Laws § 750.157b, following a jury trial in the Saginaw County Circuit Court. He was sentenced to concurrent terms of 5 to 10 years imprisonment, 10 to 15 years imprisonment, and 40 to 60 years imprisonment on those convictions in 2006.
>
> Petitioner then pursued an appeal of right in the state courts. The Michigan Court of Appeals reversed his solicitation to commit murder conviction based upon improper venue, but affirmed his other convictions. People v. Houthoofd, No. 269505, 2009 WL 249459 (Mich. Ct. App. Feb. 3, 2009). The Michigan Supreme Court reversed in part the Michigan Court of Appeals' decision and reinstated the solicitation to commit murder conviction on the ground that Petitioner was not prejudiced by the improper venue. The Michigan Supreme Court also remanded the case to the Michigan Court of Appeals for a determination of whether the trial court failed to articulate substantial and compelling reasons for upwardly departing from the guidelines when imposing Petitioner's sentences. People v. Houthoofd, 487 Mich. 568, 790 N.W.2d 315 (2010); reh. den. 790 N.W.2d 339 (2010).
>
> On remand, the Michigan Court of Appeals vacated Petitioner's sentence for solicitation to commit murder and remanded for re-sentencing. People v. Houthoofd (on Remand), No. 269505, 2010 WL 4906128 (Mich. Ct. App. Dec. 2, 2010). The Michigan Supreme Court denied leave to appeal. People v. Houthoofd, 489 Mich. 935, 797 N.W.2d 638 (2011).
>
> The state trial court re-sentenced Petitioner to 40 to 60 years imprisonment on the solicitation to commit murder conviction. Petitioner then pursued a direct appeal in the state courts. The Michigan Court of Appeals vacated the new sentence because the state trial court had circumvented the rules regarding the reassignment of judges and remanded the case for re-sentencing before a randomly selected judge. People v. Houthoofd, No. 312977, 2014 WL 667802 (Mich. Ct. App. Feb. 18, 2014). The Michigan Supreme Court denied leave to appeal. People v. Houthoofd, 496 Mich. 866, 849 N.W.2d 376 (2014).
>
> The state trial court re-sentenced Petitioner to 420 months to 720 months on the solicitation to commit murder conviction. Petitioner pursued another appeal in the state courts. The Michigan Court of Appeals vacated the new sentence and remanded for re-sentencing

2

> because the trial judge lacked jurisdiction to re-sentence Petitioner while his application for leave to appeal was pending in the Michigan Supreme Court. People v. Houthoofd, No. 322592, 2015 WL 2329081 (Mich. Ct. App. May 14, 2015). The Michigan Supreme Court denied leave to appeal. People v. Houthoofd, ___ Mich. ___, 872 N.W.2d 466 (2015).

Houthoofd v. Woods, 2016 WL 807948, at *1-2 (E.D. Mich. 2016) (opinion dismissing habeas petition without prejudice as prematurely filed).

Plaintiff asserts that he is scheduled to be sentenced once again in the Saginaw Circuit Court on June 12, 2019. Plaintiff asserts that the prosecutor and police officers through perjured testimony conspired to fraudulently create venue in Saginaw County. He argues that the state trial court, therefore, does not have jurisdiction to resentence him, and he requests an order enjoining the state court from doing so.

## II. Abstention

In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court "held that absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions." New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 364 (1989). The underlying concern of Younger is the "threat to our federal system posed by displacement of state courts by those of the National Government." Moore v. Sims, 442 U.S. 415, 423 (1979). Accordingly, "Younger abstention requires the federal court to defer to the state proceeding." Coles v. Granville, 448 F.3d 853, 865 (6th Cir. 2006). The Sixth Circuit has held that exercise of Younger abstention is appropriate "when the state proceeding (1) is currently pending, (2) involves an important state interest, and (3) affords the plaintiff an adequate opportunity to raise constitutional claims." Coles, 448 F.3d at 865. If the three Younger criteria are

3

satisfied, the court should abstain from interfering "unless there is a showing of bad faith, harassment, or another extraordinary circumstance that makes abstention inappropriate." Graves v. Mahoning Cty., 534 F. App'x. 399, 406 (6th Cir. 2013) (citing Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n, 498 F.3d 328, 332 (6th Cir. 2007)).

All three Younger factors require abstention in this case. With respect to the first factor, Plaintiff indicates that his state court criminal case is still pending, and that he is scheduled to be resentenced on June 12, 2019. His state court proceeding was therefore pending on the day he initiated this action, satisfying the first factor of the abstention doctrine. Nimer v. Litchfield Tp. Bd. of Trustees, 707 F.3d 699, 701 (6th Cir. 2013).

Concerning the second Younger factor, to determine the substantiality of the State's interest in the pending proceeding, "we do not look narrowly to its interest in the outcome of the particular case . . . . Rather, what we look to is the importance of the generic proceedings to the State." New Orleans Pub. Serv., Inc., 491 U.S. at 365. It is well-established that Michigan has an interest in enforcing its criminal laws. See Leveye v. Metro. Pub. Def.'s Office, 73 F. App'x 792, 794 (6th Cir. 2003) (explaining that "state criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere."). Because Michigan has a substantial interest in enforcing its criminal laws, the Court finds that the second factor of the Younger abstention doctrine is met.

Finally, the Court considers the third factor of the Younger abstention analysis met because Plaintiff will have adequate opportunity to raise any claims challenging the Saginaw Circuit Court's authority to resentence him in an appeal filed in the state

appellate courts.  See Mich. Ct. R. 7.203 et. seq.  The third element of the abstention doctrine is thus satisfied.

Plaintiff alleges no unusual or extraordinary circumstances sufficient to warrant federal intervention.  Although Plaintiff has been subjected to resentencing on his state conviction a number of times, it appears that is a result of the state appellate courts recognizing the validity of some of his claims and enforcing his rights.  While he claims that venue has been fabricated through nefarious acts of the prosecution and law enforcement, there has been no showing that the state courts are unwilling or incapable of addressing Plaintiff's contentions.   Nothing Plaintiff has alleged about the state criminal proceedings presents an extraordinary circumstance justifying this Court's intervention.

The Court finds that abstention is, therefore, warranted.

### III. Order

It is thus hereby **ORDERED** that Plaintiff's complaint (ECF No. 1) is **SUMMARILY DISMISSED** under the Younger abstention doctrine.

SO ORDERED.

Dated: June 6, 2019  s/Mark A. Goldsmith
   Detroit, Michigan  MARK A. GOLDSMITH
                                             United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 6, 2019.

                                                    s/Karri Sandusky
                                                    Case Manager